UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOSEPH X. SMITH, )
 )
 Plaintiff, )
 )
v. ) No. 4:15CV1297 RLW
 )
JULIE INMAN, et al., )
 )
 Defendants. )

## MEMORANDUM AND ORDER

Plaintiff, who is civilly committed at the Southeast Mental Health Center, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. The motion is granted. Additionally, after reviewing the complaint, the Court finds that it should be partially dismissed.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

## The Complaint

Plaintiff brings this action against Julie Inman, the Regional Medical Director of the Southeast Mental Health Department, and Dr. Veera N. Reddy, who is a psychiatrist there, in their individual and official capacities.

Plaintiff was on conditional release when Dr. Reddy allegedly changed his psychotropic medication, which had previously been effective. He says the new drug caused him to become "weak and drug dependent, and caused [him] all type of side effects and complications." He claims that Dr. Reddy revoked his conditional release

Plaintiff claims that he is no longer suffering from a mental disease or defect and should be released from the facility.

Plaintiff asserts that Dr. Reddy refused to allow him to participate in the Ramadhan fast during the Muslim holy month in violation of his rights under the First Amendment.

Finally, plaintiff claims that defendant Inman has not created an adequate law library at the institution.

## Discussion

Plaintiff's claims against Dr. Reddy in his individual capacity survive review under § 1915(e). As a result, the Court will direct the Clerk to serve process on Reddy.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted against defendants in their official capacities.

Finally, "[t]o state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." *Myers v. Hundley,* 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff has made no such allegations. As a result, his claim against Inman fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to serve process on defendant Dr. Veera Reddy in his individual capacity.

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that defendant Julie Inman is **DISMISSED** without prejudice.

An Order of Partial Dismissal will be filed separately.

Dated this 24th day of August, 2015.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE