# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

JOSEPH X. SMITH, )
)
      Plaintiff, )
)
v. )     No. 4:15CV1297 RLW
)
JULIE INMAN, et al., )
)
      Defendants, )

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint under 28 U.S.C. § 1915(e). Upon review, the Court determines that this action must be dismissed for failure to state a claim upon which relief can be granted.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff sues defendants under 42 U.S.C. § 1983 for violations of his right to practice his religion and for medical mistreatment. Defendants are officials with the Missouri Department of Mental Health.

Plaintiff is confined in the Southeast Missouri Mental Health Center (the "Center") as a result of being found not guilty by reason of insanity for threatening a correctional officer. Plaintiff had been conditionally released from the Center in 2008. At that time, he was taking Abilify to stabilize his mood. He says he was doing well on the drug and that he was doing well in the community.

Plaintiff says that in 2012 defendant Dr. Veera Reddy took him off of Abilify and put him on Saphrin. Plaintiff claims that taking Saphrin made him sick, destabilized his mood, and caused his personality to alter. Plaintiff refused to take the drug, and as a result, his conditional release status was revoked and he was returned in the Center.

Plaintiff states that he has filed several grievances about taking Saphrin. He claims that he has not been able to promote to a less restrictive status because of his complaints.

Plaintiff alleges that he requested an accommodation in May 2015 to celebrate Ramadhan. He says that Dr. Reddy put him on Saphrin at that time, and he claims he refused to take the drug. Because he refused to take the drug, he was put in isolation and he was not able to participate in the rituals and fasting required by his faith.

Plaintiff believes that defendants have filed false medical reports to keep him confined for financial gain to the Center. He claims that "each client is worth $533 per day."

Plaintiff states he is willing to take medication for his condition. He believes that he should not be forced to take the medication that Dr. Reddy has prescribed for him, and he claims

2

that he should be able to take the medication he wants to take so that he can be placed back on conditional release.

**Discussion**

Plaintiff sues defendants in both their individual and official capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted as to defendants in their official capacities.

Where a civilly-committed patient's Fourteenth Amendment claim is for constitutionally deficient medical care, the Court applies the deliberate indifference standard from the Eighth Amendment. *Mead v. Palmer*, 794 F.3d 932, 936 (8th Cir. 2015). "To prove deliberate indifference, [plaintiff] must show that (1) he suffered from objectively serious medical needs, and (2) the defendants actually knew of, but deliberately disregarded, those needs." *Id.* Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "disagreement with the course of treatment provided to [a plaintiff] is not sufficient basis for an Eighth Amendment violation." *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994).

Plaintiff's allegations show a mere disagreement with the course of treatment prescribed by Dr. Reddy. Plaintiff does not have a constitutional right to dictate the course of his treatment. Moreover, accepting plaintiff's allegations as true, Dr. Reddy's course of treatment does not rise above negligence. As a result, the complaint does not state a plausible claim of deliberate indifference.

3

Plaintiff's claim that Dr. Reddy falsified medical reports to create a financial gain for the Center is contradicted by his exhibits. According to his exhibits, the Center normally charges patients $533 per day in room and board. However, the Center has not charged plaintiff with room and board because he does not have the ability to pay. Therefore, these allegations are frivolous.

Plaintiff's freedom-of-religion claim is conclusory and does not state a cause of action. He does not allege how his placement in isolation prevented him from celebrating Ramadhan. And his placement in isolation was the result of his refusal to take the psychotropic medication prescribed by his psychiatrist.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff has not stated which defendants allegedly retaliated against him for filing grievances. As a result, plaintiff's retaliation claim does not state a plausible claim for relief.

For these reasons, the Court dismisses this action under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 13th day of November, 2015.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

4